### LAZARUS FARRIN *versus* JAMES ROWSE.

By R. S., c. 81, § 30, no attachment of real estate on mesne process shall create any lien thereon, unless the officer making it, within five days thereafter, files in the office of the register of deeds in the county or district in which all or any part of said estate is situated, an *attested copy* of so much of his return on the writ as relates to the attachment, with the value of the defendant's property which he is thereby commanded to attach, the names of the parties, the date of the writ, and the Court to which it is returnable.

A simple copy of so much of the officer's return on the writ as relates to the attachment, without being *attested*, is not sufficient to create a valid attachment against subsequent purchasers.

Neither is the filing of a statement of "*the sum sued for*," instead of "*the value of the defendant's property*," which the officer is commanded to attach.

ON REPORT from *Nisi Prius*, BARROWS, J., presiding.

WRIT OF ENTRY.

The plaintiff's title depended upon the validity of an attachment of the land in dispute. The defendant's title was a deed executed after the alleged attachment and before the levy.

The following is a copy of the officer's certificate on the back of the writ, together with a copy of the paper filed with the register, to wit:—

"Sagadahoc, ss.—February 3d, 1858.—I filed in the

registry of deeds office, for said county, a true copy of the above return, together with the names of the parties to this writ, sum sued for, date of writ and Court to which the same is returnable.          " John Harris, *Dep. Sheriff.*"

" Sagadahoc, ss. — January 30th, 1858. — At eight o'clock thirty minutes, in the forenoon, by virtue of the within writ, I attached all the right, title, interest, estate, claims and demands of every name and nature, of the within nam- ed defendant, in any and to all and every real estate in said county of Sagadahoc.          " John Harris, *Dep. Sheriff.*"

" Names of the parties to this writ, Lazarus Farrin, plain- tiff, William Winslow, defendant.    Sum sued for, four hun- dred dollars.    Date of writ, twenty-eighth day of January, 1858.    Court to which the same is returnable, Supreme Judicial, Sagadahoc county, April term, 1858.

          " John Harris, *Dep. Sheriff.*"

*I. & M. H. Smith,* for the plaintiff.

*Evans & Putnam,* for the defendant.

The opinion of the Court was drawn by

W.ALTON, J. — This is a real action and is before us on report.    Both parties claim title under the same person, — the plaintiff under an attachment and levy, and the defend- ant under a deed.    The defendant's deed was recorded *after* the attachment, but *before* the levy.    The plaintiff must show, therefore, not only a valid levy, but a valid attach- ment, in order to make good his title.    We will first con- sider the validity of the attachment.

The Revised Statutes of 1857 went into operation January 1, 1858.    The attachment was made January 30, 1858.    Its validity, therefore, must be tried by the Revised Statutes of 1857.    Chapter 81, section 30, provides that no attachment of real estate shall create any lien thereon, unless the officer making it files, in the office of the register of deeds in the county or district, " an *attested copy* of so much of his return on the writ as relates to the attachment, *with the value of*

*the defendant's property which he is thereby commanded to attach."*

In this case, the officer did not file in the office of the register of deeds an *attested copy* of so much of his return on the writ as related to the attachment, nor did he return the value of the defendant's property which he was commanded to attach. He returned a paper into the registry of deeds, but it had no certificate of attestation upon it, and does not purport to be a *copy* of anything — it reads like an original — and the officer in his return upon the writ does not state that it was an *attested* copy. He says it was a *true* copy, but he does not say it was an *attested* copy; and an examination of the paper itself shows that it was not in fact attested. The return of such a paper was not a compliance with the law.

The officer certifies, in his return upon the writ, that he filed with the register of deeds "the sum sued for," which the law did not require, but does not certify that he returned "the value of the defendant's property which he was thereby commanded to attach," which the law did require; and an examination of the paper filed shows that in fact no mention was made of the value of the defendant's property which he was commanded to attach. Such a return is fatally defective.

When the law declares that no lien shall be created by an attachment unless certain things are done, and those things are not done, it is idle to ask the Court to override the law and hold such an attachment valid. In this case, the officer not having stated, in his return upon the writ, that he had filed in the office of the register of deeds an attested copy of so much of his return as related to the attachment, and the paper which he did in fact file not purporting to be an attested copy, and the officer not having returned the value of the defendant's property which he was commanded to attach, the attachment was void.

The attachment being void, and the defendant's deed being recorded, and his title thereby perfected before the levy

was made, the ·demandant's title fails, and it is unnecessary to consider whether the levy was sufficiently formal or not.

> *Judgment for defendant.*

APPLETON, C. J., DAVIS, KENT, DICKERSON and DAN-FORTH, JJ., concurred.